**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY BUDDE,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**TERMINIX INTERNATIONAL, INC. d/b/a TERMINIX; FOCUS RECEIVABLES MANAGEMENT, LLC.**<br><br>Defendants. | **Case No.: 5:16-CV-01674**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **THE CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.93, ET SEQ.;**<br><br>2. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>3. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>4. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, GREGORY BUDDE, ("Plaintiff") is a victim of identity theft. On or about May 30, 2015, Plaintiff's signature was forged on a contract for home pest control services. Plaintiff never signed nor authorized this contract in any way and the signature has been confirmed a forgery by an independent handwriting expert.

2. Plaintiff was unware of this contract until he received a bill on or about July 17, 2015. Plaintiff promptly disputed the debt and believed that was the end of the matter until the debt was placed for collection and derogatory information was reported on his credit report.

3. Plaintiff then filed a police report and again disputed the debt on the basis he was the victim of identity theft. The disputes even included a copy of Plaintiff's identity theft police report. These disputes were ignored and Defendants have continued to pursue a debt known to be the product of identity theft and have continued to report derogatory information on Plaintiff's credit.

4. As alleged herein, Defendants, TERMINIX INTERNATIONAL, INC. d/b/a TERMINIX, ("TERMINIX") and FOCUS RECEIVABLES MANAGEMENT, LLC., ("FOCUS") (collectively as "Defendants") repeatedly refused to investigate Plaintiff's claims of identity theft and have instead repeatedly attempted to collect and report the fraudulent debts to credit reporting agencies in violation of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, *et seq*.; (ii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iv) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

///

5. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing and intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

8. Unless otherwise indicated, any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

9. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

10. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

11. At all times relevant, Plaintiff was an individual residing within the State of California.

12. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California.

## PARTIES

13. Plaintiff, GREGORY BUDDE, ("Plaintiff") is a natural person who resides in the City of Corona, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt, which was due and owing, or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

///

14. In addition, Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d) and is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

15. Defendant, TERMINIX INTERNATIONAL, INC. d/b/a TERMINIX, ("TERMINIX") (collectively as "Defendants") is a Delaware corporation.

16. TERMINIX, regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

17. TERMINIX purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

18. TERMINIX is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

19. Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC., ("FOCUS") (collectively as "Defendants") is an Georgia limited liability company.

20. FOCUS, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to FOCUS.

21. FOCUS is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing, from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

23. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## JURISDICTION AND VENUE

24. This action arises out of Defendants' violations of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, et seq.; (ii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iv) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

25. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state law claims.

26. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

27. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

28. Plaintiff, GREGORY BUDDE, ("Plaintiff") is a victim of identity theft. On or about May 30, 2015, Plaintiff's signature was forged on a contract for home pest control services in the with TERMINIX (the "Debt"). Plaintiff never signed nor authorized this contract in any way and the signature has been confirmed a forgery by an independent handwriting expert.

29. Plaintiff was unaware of this contract until he received a bill on or about July 17, 2015.

30. On or about July 17, 2015, Plaintiff disputed the Debt with TERMINIX on the basis that he did not sign or authorize the contract giving rise to the Debt and that Plaintiff is the victim of fraud and identity theft with respect to the alleged Debt.

31. On February 27, 2016, Plaintiff filed a police report with the Riverside County Sheriff's Department (Case No. EV160580015, the "Police Report") claiming he was the victim of fraud and identity theft.

32. On March 29, 2016, Plaintiff sent a written dispute letter to each Defendant by certified mail. Each of the dispute letters contained a copy of the Police Report. All of the dispute letters clearly stated that Plaintiff was "a victim of fraud and identity theft" with respect to the Debt.

33. All Defendants received the dispute letters and Police Report by April 6, 2016.

34. Despite receiving multiple disputes from Plaintiff claiming that he is the victim of identity theft, Defendants have continued to pursue Plaintiff for a debt known to be the product of identity theft.

35. Specifically, on or about April 11, 2016, TERMINIX send Plaintiff a letter rejecting his claims of identity theft and demanding payment of $1,320.00 on the Debt.

///

36. Plaintiff did not sign or authorize the contract giving rise to the alleged Debt. Plaintiff is the victim of identity theft and does not owe the Debt.

37. TERMINIX's April 11, 2016 letter demands payment on the Debt, which is a transaction procured though identity theft. Trough sending this letter, TERMINIX has attempted to collect a debt and/or has claimed an interest in money or property in connection with a transaction procured though identity theft. Thus, TERMINIX is a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

38. Through this conduct, TERMINIX also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, TERMINIX also violated Cal. Civ. Code § 1788.17.

39. Sometime prior to December 22, 2015, TERMINIX placed the Debt with FOCUS for the sole purpose of debt collection.

40. On or about December 22, 2015, FOCUS sent Plaintiff a letter demanding payment of $1,032.49 for the Debt.

41. FOCUS's April 11, 2016 letter demands payment on the Debt, which is a transaction procured though identity theft. Trough sending this letter, FOCUS has attempted to collect a debt and/or has claimed an interest in money or property in connection with a transaction procured though identity theft. Thus,

FOCUS is a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

42.  Through this conduct, FOCUS also violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FOCUS also violated Cal. Civ. Code § 1788.17.

43.  On or about December 1, 2015, FOCUS began reporting the erroneous Debt to "consumer credit reporting agencies" as that term is defined Cal. Civ. Code § 1785.3(d). Specifically, FOCUS furnished information on Plaintiff's credit report that the Debt was "seriously past due date / assigned to attorney, collection agency…" with a balance of "$1,032.00."

44.  This information is false, incomplete, and/or inaccurate as Plaintiff did not incur and does not owe the Debt as it is the product of fraud and identity theft. Furthermore, FOCUS failed to report the Debt was disputed.

45.  FOCUS knew, or should have known, the information it furnished was false, incomplete, and/or inaccurate as Plaintiff had disputed the Debt, on the basis of fraud and identity theft, with TERMINIX prior to the account even being placed with FOCUS for collection.

46.  Through this conduct, FOCUS violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations

regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, FOCUS also violated Cal. Civ. Code § 1788.17.

47.  Through this conduct, FOCUS also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that FOCUS knew or should have known was inaccurate and/or incomplete.

48.  On or about December 17, 2015, TERMINIX began reporting the erroneous Debt to "consumer credit reporting agencies" as that term is defined Cal. Civ. Code § 1785.3(d). Specifically, TERMINIX furnished information on Plaintiff's credit report that the Debt was in "collection" with a balance of "$1,032.00."

49.  This information is false, incomplete, and/or inaccurate as Plaintiff did not incur and does not owe the Debt as it is the product of fraud and identity theft. Furthermore, TERMINIX failed to report the Debt was disputed.

50.  TERMINIX knew, or should have known, the information it furnished was false, incomplete, and/or inaccurate as Plaintiff had disputed the Debt, on the basis of fraud and identity theft, with TERMINIX prior to the account being reported on Plaintiff's credit.

51.  Through this conduct, TERMINIX violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false including the failure to communicate

that the debt is disputed; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, TERMINIX also violated Cal. Civ. Code § 1788.17.

52.   Through this conduct, TERMINIX also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that TERMINIX knew or should have known was inaccurate and/or incomplete.

53.   TERMINIX's reporting is also made inaccurate by the fact they have furnished duplicative information. TERMINIX has furnished information on Plaintiff's credit that makes it appear as if there is a *second* delinquent account in addition to the separate and distinct delinquent account being reported by FOCUS.

54.   Through this conduct, TERMINIX violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that TERMINIX knew or should have known was inaccurate and/or incomplete.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF
### THE CALIFORNIA IDENTITY THEFT ACT
### ("CITA") CAL. CIV. CODE § 1798.93, ET SEQ.
### [AGAINST ALL DEFENDANTS]

55.   Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

56.   The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

57.   Plaintiff brings this cause of action pursuant to Cal. Civ. § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendants based upon alleged debts resulting from identity theft.

58.   Plaintiff has provided written notice to Defendants that a situation of identity theft may exist with respect to the Debt. Defendants have failed to diligently

investigate Plaintiff's notifications of identity theft. Defendants have continued to pursue its alleged claims against Plaintiff after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. § 1798.93.

59. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

60. In addition, plaintiff is entitled to a declaration that he is not obligated to Defendants on any claim pursuant to Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendants purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, pursuant to Cal. Civ. Code § 1798.93(c)(2); an injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

### [AGAINST FOCUS]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

---

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST ALL DEFENDANTS]

64. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

66. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

67. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

///
///
///
///

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.

### [AGAINST ALL DEFENDANTS]

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

70. In the regular course of its business operations, Defendants routinely furnish information to consumer credit reporting agencies pertaining to transactions between Defendants and consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

71. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

72. Because Defendants are a partnership, corporation, association, or other entity, and are therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendants know or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code §

1785.25(a).

73. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity, and denial of credit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) from each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1);
- A declaration that any security interest, or other interest, Defendants purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);
- An injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);
- The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);
- An award of actual damages, in an amount to be determined at trial,

pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein;
- Any and all other relief that this Court deems just and proper.

Dated: August 2, 2016                              Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

1

## TRIAL BY JURY

2

3   74.   Pursuant to the Seventh Amendment in the Constitution of the United States

4          of America, Plaintiff is entitled to, and demands, a trial by jury.

5

6   Dated: August 2, 2016                         Respectfully submitted,

7

8                                                 **SINNETT LAW, APC.**

9

10                                                BY: /s/ WAYNE A. SINNETT
                                                  WAYNE A. SINNETT, ESQ.
                                                  ATTORNEY FOR PLAINTIFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**                                                    PAGE 16 OF 16